**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ORAFOL AMERICAS INC.,** | : | |
| **Plaintiff,** | : | **3:16-CV-02070 (VLB)** |
| | : | |
| **v.** | : | |
| | : | |
| **REFLEX-O-LITE, LTDA.,** | : | **December 29, 2016** |
| **Defendant.** | : | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION**

**ORDER denying [Dkt. No. 12] Motion for Temporary Restraining Order And Preliminary Injunction staying certain arbitration. Under the traditional standard governing a stay, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will not substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."** ***Nken v. Holder*****, 556 U.S. 418, 426 (2009) (quotation marks and citation omitted). However, a court may not issue a stay unless the movant demonstrates "particularized, irreparable harm."** ***Id.*** **at 438 (Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.") (citations omitted).**

**Reflex-O-Lite initiated the arbitration in question (the "Arbitration"), which is pending under the caption** ***Reflex-O-Lite, Ltda. V. ORAFOL Americas Inc.*****, Case Number 01-16-0002-1414, before the International Centre for Dispute Resolution. [Dkt. No. 12 at 12.] Parties to a contract have the right to agree to arbitrate disputes arising out of that contract.** ***Arciniaga v. Gen. Motors Corp.*****, 460 F.3d**

**231, 234-35 (2d Cir. 2006) ("an agreement to arbitrate is valid, irrevocable, and enforceable" unless legislation dictates the right to litigate the issue may not be waived). Courts do not generally interfere with valid arbitrations. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257 (2009) ("[I]n any contractual negotiation, a [party] may agree to the inclusion of an arbitration provision . . . in return for other concessions . . . Courts generally may not interfere with this bargained-for exchange"); *see also Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 890 (2d Cir. 2015) ("When a dispute is properly before an arbitrator, a district court should not interfere with the arbitral process to shape the outcome of the matter on the merits on the ground that, in its view of the merits, a particular remedy would not be warranted.").**

**Despite the Court's duty to respect the parties' agreement to arbitrate, Plaintiff asserts that allowing the Arbitration to move forward would constitute irreparable injury. However, "arbitration by itself imposes no such injury to the resisting party, except perhaps in 'extraordinarily rare' circumstances, which we need not try here to imagine." *Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93, 100 (2d Cir. 1986) (citation omitted).**

**Here, the Arbitration is in its early stages. [Dkt. No. 12 at 13.] The parties had their initial case management conference on December 1, 2016. *Id*. The arbitrator has not stayed the proceeding. *Id*. Instead, the arbitrator issued a procedural order approving the parties' joint request to set a briefing schedule on initial dispositive motions. *Id*. As the parties disagree on the scope of the Arbitration, that briefing is likely to include briefs on which issues are arbitrable.**

**The parties appear to have agreed to arbitrate disputes sounding in breach of licensing contract. *Id*. at 12. At this inchoate stage, the dispute appears to be principally a dispute over an alleged breach of a licensing contract and not a dispute over the origin or ownership of intellectual property.**

**The issue here is whether the plaintiff has demonstrated "particularized, irreparable harm" will result from proceeding with the arbitration. The Court is unpersuaded that the Plaintiff would be damaged, much less irreparably, by proceeding to arbitrate the scope of the Arbitration.**

**Accordingly, the application for a temporary restraining order is denied without prejudice. Should the ownership or protection of intellectual property emerge as the central or pivotal issue in the Arbitration, a stay of the Arbitration may warrant further consideration. Plaintiff may move for a temporary restraint order seeking a declaratory judgment at that time.**

**IT IS SO ORDERED.**

**_________*/s/* _______________**

**Hon. Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: December 29, 2016**